# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. JERMAINE NELSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-03675     W. Fred Axley, Judge**

---

**No. W2004-01685-CCA-R3-CD  - Filed September 22, 2005**

---

Originally indicted for second degree murder, Defendant, Jermaine Nelson, was convicted of voluntary manslaughter, a Class C felony, following a jury trial.  The trial court sentenced him to serve ten (10) years in the Department of Correction as a Range II offender.  Defendant's sole issue on appeal is that the trial court erred when it sentenced him as a Range II offender.  We agree, and affirm the conviction, but reverse the sentence and remand for an amended judgment imposing a Range I sentence of six (6) years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Reversed and Remanded in Part**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Robert Wilson Jones, District Public Defender; Tony N. Brayton, Assistant Public Defender; and Robert Trent Hall, Assistant Public Defender, Memphis, Tennessee, for the appellant, Jermaine Nelson.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William L. Gibbons, District Attorney General; Glen Baity, Assistant District Attorney General; and Tracye Jones, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Defendant's conviction was a result of Defendant shooting the victim, Rodney Johnson, in Memphis on August 12, 2002.  At the sentencing hearing, the trial court, over Defendant's objection, sentenced Defendant as a Range II,  multiple offender because he had two prior convictions, to wit: a Class C felony conviction for aggravated assault, and a Class E felony conviction for vandalism over five-hundred dollars in value.  Voluntary manslaughter is a Class C felony offense, and normally, these two prior convictions would justify a Range II sentence.  However, Tennessee Code Annotated section 40-35-106(b)(4) states that

(4) Convictions for multiple felonies committed as a part of a single course of conduct within twenty-four (24) hours, constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct[.]

It was undisputed that both prior convictions were part of a single course of conduct committed at the same time. However, the State argued that since one of the convictions, aggravated assault, was for an act resulting in bodily injury or threatened bodily injury to the victim, the Defendant qualified as a Range II offender.

Introduced as an exhibit at the sentencing hearing was an affidavit of complaint to an arrest warrant involving the two prior convictions. It set forth the facts involving those convictions as follows:

On Feb. 14, 2000 at 15:35 hrs, Officers Flagg #1757 & Gilbertson #1900 received a Disturbance call to 192 Racine to assist off duty sheriff deputy Antonio Well #4336. He advised [Defendant] just vandalized [the victim]'s apartment and held a knife to her throat, threatening to kill her. The sheriff deputy chased the suspect to the Racine address and held him until officers arrived. Officers took [Defendant] back to the scene at 2945 Mimosa and spoke with [the victim] who advised she was going into her apartment when [Defendant] came up behind her asking her where she had been since he'd been waiting on her since 11:00. [Defendant] began to argue with her as she turned her back he attacked her from behind striking her with his fist and choking her. [The victim] advised he grabbed a 12 inch butcher knife and put it up to her throat and said, "I'll kill you in front of your baby and let the baby see it." [Defendant] vandalized her living room and kitchen by knocking over the entertainment center, broke a Bell South caller I.D. phone and answering machine, VCR, flower stand and champagne glasses. [Defendant] admitted to vandalizing the apartment.

There is nothing in the exhibit introduced into evidence reflecting that commission of the vandalism caused bodily injury or threatened bodily injury. On appeal, the State argues that the "acts" constituting the entire aggravated assault conviction, choking and striking the victim and threatening her while holding a knife to her throat "cannot be considered part of a single course of conduct because they resulted in bodily injury and threatened bodily injury." The State does not cite any authority directly in support of this proposition, but does suggest comparison of its proposition with *State v. Horton*, 880 S.W.2d 732 (Tenn. Crim. App. 1994). We agree that *Horton* controls the disposition of this case. However, we further conclude that *Horton* requires a reversal of the sentence and remand for entry of an amended judgment reflecting imposition of a Range I sentence.

In *Horton*, the Defendant was convicted for the Class B felony offense of possession of cocaine with the intent to sell. He was sentenced as a Range II, multiple offender based upon two

prior convictions which were aggravated assault and receiving stolen property. *Id*. at 733-34. The facts involving the two prior convictions were that defendant was found driving a car which had been stolen, and when a police officer approached him, the defendant swerved the car and drove it toward the officer. These resulted in the defendant pleading guilty to the two offenses which constituted his prior convictions. The State made basically the same argument in *Horton* that it makes in the case *sub judice*.

Noting that Tennessee Code Annotated section 40-35-106(b)(4) is referred to as the "twenty-four hour merger rule" with an exception based upon multiple acts involving bodily injury or threatened bodily injury, our court held as follows:

> We conclude that the twenty-four hour merger rule exception, as worded, would apply when there is more than one previous act involving bodily injury or threatened bodily injury. Thus, if there were two aggravated assault convictions in this case, as well as a receiving stolen property conviction, the three convictions would be treated as separate convictions for range enhancement purposes. *However, the exception will not apply when there is only one previous act involving bodily injury or threatened bodily injury*. The two convictions in this case should have been considered to be one conviction for range enhancement purposes.

*Horton*, 880 S.W.2d at 736 (emphasis added).

The trial court found multiple applicable enhancement factors to increase the sentence to the ten-year maximum in Range II for a Class C felony. On appeal, Defendant does not challenge the applicability of the enhancement factors. Our review of the record reflects that a maximum sentence within the appropriate range is justified. Based upon the fact that Defendant was required to be sentenced within Range I pursuant to Tennessee Code Annotated section 40-35-106(b)(4), and that a maximum sentence within the range is appropriate, we reverse the sentence imposed by the trial court and remand for the trial court to enter an amended judgment reflecting a Range I sentence of six (6) years, the maximum within the range.

## CONCLUSION

For the foregoing reasons, the conviction of voluntary manslaughter is affirmed, but the sentence is reversed. This case is remanded to the trial court for entry of an amended judgment imposing a Range I sentence of six (6) years for voluntary manslaughter.

_____
THOMAS T. WOODALL, JUDGE